UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

IN RE CAROLYN A. MUSCATELLO,

        Debtor,

Bankr. Case No. 03-11143

HELEN NITZSCHE,

        Appellant,

   -against-

CAROLYN A. MUSCATELLO and
JAMES E. MUSCATELLO,

        Appellees,

Dist. Ct. Case No.
1:06-CV-453
(LEK)

## DECISION AND ORDER

### I. Background

Since neither party disputes the facts as stated by the United States Bankruptcy Court for the Northern District of New York, (*Littlefield, B.J.*), this Court adopts such facts, as specified below.

#### *A. Adversary Proceeding Facts*

Carolyn and James Muscatello (collectively "Appellees" or "Muscatellos") purchased property, specifically a summer house, from Appellant Helen Nitzsche ("Appellant" or "Nitzsche") in late 1999 or early 2000. Appellee's Rec. on Appeal (Dkt. No. 4, Attach. 49). At that time, Appellee delivered a $61,000 purchase money note and mortgage as payment for the property. Id. About one year later, in May 2001, Appellant filed a Foreclosure action on the

1

property in State court. Id.  In February 2003, Appellee initiated a Chapter 13 Bankruptcy proceeding, thereby staying the foreclosure proceeding.  Id.  In March 2004, Appellant attempted to proceed with the foreclosure by filing a Motion for automatic stay, which faced opposition from Appellees; but the two parties ultimately stipulated to an agreement, which was executed by the parties and their attorneys, as well as the Chapter 13 Trustee.  Id.  This agreement was later approved and "so ordered" by the Bankruptcy Court in an Order dated September 16, 2004.  Id.

The aforementioned Order, *inter alia*, required Appellees to pay a lump sum of $10,000, as well as monthly payments on the Mortgage,[1] in exchange for Appellees execution of a quitclaim deed in favor of Appellant to be held in escrow and only executed upon Appellees' default on the terms of the Stipulation. Id.  Such a default occurred in October 2004, causing the deed to be recorded and an eviction proceeding to be commenced. Id.  After an eviction was granted, Appellees filed a suit in State court against Appellant seeking both a temporary restraining order staying the eviction, which was granted, and the right to enforce an equity of redemption on the property.  The State Court Judge did not issue a decision on the merits, but rather found that Bankruptcy Court was a better place for this issue to be heard.  Therefore, Appellees filed the underlying Adversary Proceeding seeking to nullify the Stipulation and Order, as well as a declaration that they are entitled to an equity of redemption for the property.

---

[1]   The Order also required the Appellees to provide proof of insurance for the property, as  well as extend the Notice of Pendency filed in connection with the foreclosure proceeding. Id

2

Id. The Bankruptcy Court granted Appellees a temporary restraining order, but failed to invalidate the Stipulation and Order. Id.

### B. Procedural History

On October 14, 2004, Andrea Celli ("Celli" or "Chapter 13 Trustee") filed a Conditional Motion to Dismiss under 11 U.S.C. § 1307 for failure to make payments according to the above mentioned Stipulation. Ch. 13 Trustee's Motion to Dismiss Case for Failure to Make Plan Payments (Dkt. No. 5, Attach. 17). An agreement was reached, and was approved by the Bankruptcy Court on November 9, 2005. Order Conditionally Granting Ch. 13 Trustee's Motion to Dismiss (Dkt. No. 5, Attach. 18). The agreement gave Appellees an opportunity to become current on their previously agreed upon stipulation.[2] Stipulation (Dkt. No. 5, Attach. 12). After Appellees again failed to comply, Appellant filed a motion with the Bankruptcy Court on December 8, 2005, seeking an order to (1) dismiss Appellees' Chapter 13 Bankruptcy Case, with prejudice; (2) dismiss the underlying Adversary Proceeding; and (3) enforce the Bankruptcy Court's Conditional Order of Dismissal. Order (Dkt. No. 1, Attach. 1).

The present case is an appeal from the Order (Dkt. No., 1 Attach. 1) of the United States Bankruptcy Court for the Northern District of New York (*Littlefield, B.J.*) entered February 21, 2006. The Order denied Appellant's Motion to Dismiss Case with Prejudice, and Motion to Dismiss Adversary Proceeding based on Appellee's failure to comply with the court's

---

[2] In order to correct the previous default, Appellees had until November 28, 2005 to pay Appellant $2,100.00. Appellees paid $900.00 over the course of the next three months, leaving a balance of $1,200.00 still owed to Appellant under Bankruptcy Judge Littlefield's Order. Stipulation (Dkt. No. 5, Attach. 12).

Conditional Order of Dismissal on Consent. Order (Dkt. No. 1, Attach. 1). The Order did not decide Appellant's Motion to Dismiss based on issues arising under 11 U.S.C. § 1307,[3] but rather adjourned the issue for determination at a hearing on March 16, 2006. The Notice of Appeal for the present appeal is dated March 2, 2006, before such additional hearing could take place. Notice of Appeal (Dkt. No. 1).

## II. Discussion

### A. Standard of Review

The District Court has jurisdiction to hear appeals from Orders issued by the Bankruptcy Court, both final and interlocutory. 28 U.S.C. § 158(a); In re Commodore Int'l Ltd., 253 B.R. 336, 338 (S.D.N.Y. 2000). After reviewing the findings of law and fact below, the District Court may "affirm, modify or reverse" the findings of the Bankruptcy Court. FED. R. BANKR. P. 8013; In re Adelphia Comm. Corp., 342 B.R. 122, 126 (S.D.N.Y. 2006). Any findings of fact are reviewed under the "clearly erroneous" standard, while conclusions of law are reviewed *de novo*. See e.g., In re Enron, 419 F.3d 115, 124 (2d Cir. 2005). The Bankruptcy Court's factual findings are reversed under the "clearly erroneous" standard of review only where the District Court is "left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). If there is a mixed finding of law and fact, the *de novo* standard applies. Travellers Int'l A.G. v. Trans World Airlines, 41 F.3d 1570, 1575 (2d Cir. 1994).

---

[3] Appellant claimed that Appellees' case is not feasible and the delay is prejudicial to creditors. Order (Dkt. No. 1, Attach. 1).

### B. *Dismissal based on Enforcement of Consent Order*

An interested party in a bankruptcy action, including a creditor, may be permitted to intervene in either an entire action or a specific portion of an action upon proper notice and hearing by the court. FED. R. BANKR. P. 2018; In re Caldor, 303 F.3d 161, 172 (2d Cir. 2002). Upon timely application, a creditor can intervene as of right, since they are a party claiming an interest "relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." FED. R. BANKR. P. 7024; FED. R. CIV. P. 24(a); In re Iridium Operating LLC, 329 B.R. 403, 405 (S.D.N.Y. 2005). Although a party in interest has this guaranteed right, intervention is not permitted without timely application to the court. In re Iridium Operating LLC, 329 B.R. at 405.

Although Appellant is a creditor, and as such an interested party in this bankruptcy proceeding, she does not have standing to enforce the Conditional Order on Consent. Said Order, by it's own terms, empowers the Chapter 13 Trustee with the duty to decide whether Appellees have complied with the terms set forth, and if appellees are found not in compliance with such terms, to proceed with an ex parte motion to dismiss the case. See Order Conditionally Granting Ch. 13 Trustee's Motion to Dismiss (Dkt. No. 5, Attach. 18). Appellant could have intervened in the Chapter 13 Trustee's Motion to Dismiss, and as such had an opportunity to obtain standing by intervention. Appellant failed, however, to follow the proper procedure by formally notifying the court that she intended to do so. Consequently, Appellant appears to lack

the necessary standing to enforce the Consent Order.  This Court reserves ruling on this issue, however, since the Bankruptcy Court did not make a final ruling in it's Order completely disposing of the Motion to Dismiss pending before it.  As discussed below, the case is therefore remanded to the Bankruptcy Court.

### C. Dismissal based on 11 U.S.C. § 1307

11 U.S.C. § 1307(c) is a provision that allows for the dismissal or conversion of a Chapter 13 bankruptcy proceeding for cause.  It provides a non-exhaustive list of instances where a bankruptcy can be converted to a Chapter 7 proceeding or dismissed. In re Pearson, No. 05-50095-JBR, 2006 WL 2925206 (Bankr. D. Mass., Oct. 13, 2006).  The motions provided for under this section can be brought by either the U.S. Trustee assigned to the case, or a "party in interest".  11 U.S.C. § 1307(c). See e.g., In re Harris, 464 F.3d 263, 267 (2d Cir. 2006).  A creditor is a "party in interest", and as such is an appropriate party to bring a motion to dismiss or convert under § 1307(c).  In re Toronto, 165 B.R. 746 (Bankr. D. Conn. 1994).

Again, a district court has jurisdiction to hear appeals from a bankruptcy court on both final, and in some cases interlocutory, judgments, orders and decrees. 28 U.S.C. § 158.  A final order in a bankruptcy case becomes ripe for appeal when nothing is left for the bankruptcy court to decide on the issue. In re The Bennett Funding Group, Inc., 439 F.3d 155 (2d Cir. 2006).  This does not mean that the entire bankruptcy issue must be resolved in order for an appeal to be heard by the district court, but rather the specific dispute being addressed by the order is completely resolved. See In re Fugazy Exp., Inc., 982 F. 2d 769, 775 (2d Cir. 1992) (quoting In re Sonnax Indus., Inc., 907 F.2d 1280 (2d Cir. 1990); In re Johns-Manville Corp., 824 F.2d 176

(2d Cir. 1987); In re Saco Local Dev. Corp., 711 F.2d 441 (1st Cir. 1983)). A dispute in a bankruptcy proceeding is defined as "at least an entire claim on which relief may be granted." In re Fugazy Exp., Inc. 982 F.2d at 775-776. Therefore, if an order is issued from the bankruptcy court which is contingent on another event occurring, the dispute has not been finally decided and is therefore not ripe for appeal. There is also a strong Federal policy against "piecemeal appeals", which only bolsters the need for a final decision on a dispute before an appeal is an appropriate remedy. Id.

Since Appellant is a creditor, and as such is a party in interest, she appears to have standing to bring a Motion to Dismiss under 11 U.S.C. § 1307(c). However, the Bankruptcy Court did not rule on this issue. Bankruptcy Judge Littlefield's Order did not rule on the Appellant's Motion to Dismiss based on § 1307(c), but rather adjourned the decision until after a hearing on such matter occurred, which was scheduled for March 16, 2006 . The Notice of Appeal filed with the Clerk of this Court is dated March 2, 2006, a full two weeks before the hearing was scheduled to occur. Notice of Appeal (Dkt. No. 1). There is no information in the record filed by either party as to whether or not such hearing took place, and if it did take place, what the Bankruptcy Court decided. The Appellant, however, in her briefs submitted to the District Court, continued to make arguments under § 1307(c), while the Appellees did not discuss the issue at all in briefs filed with this Court. Since there is no information in the record regarding the occurrence or the outcome of a hearing on this issue, it is not yet ripe for appeal, and therefore cannot be decided at this time. In order to avoid a piecemeal decision, which is against Federal policy, this Court remands to the Bankruptcy Court for further action.

7

### III.  Conclusion

Accordingly, it is hereby:

**ORDERED**, that Appellant Helen Nitzsche's appeal is **DISMISSED**; and it is further

**ORDERED**, that the case is **REMANDED** to the Bankruptcy Court (*Littlefield, B.J.*) for further proceedings and consideration; and it is further

**ORDERED** that the Clerk of the Court shall serve copies of this Order upon the parties to this action.

**IT IS SO ORDERED.**

DATED:     November 29, 2006
           Albany, New York

_____

Lawrence E. Kahn
U.S. District Judge